-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

VICTOR CARPIO,

                    Plaintiff,

                                                         **DECISION and ORDER**
          -v-                                            06-CV-0857F

JOHN DOE, GCF/C.O.,

                    Defendants.

          Plaintiff, Victor Carpio, currently an inmate at the Wyoming Correctional Facility, filed

a *pro se* action under 42 U.S.C. § 1983 alleging that on May 8, 2006 he was assaulted at

the Gowanda Correctional Facility by a correctional officer who was escorting him to the

Special Housing Unit (SHU) but that he could not identify said correctional officer.  Plaintiff

also alleged that the Superintendent at Gowanda, Richard Savage, was liable under § 1983

because Savage failed to protect him from the assault and to remedy the wrong.  The Court

(Hon. Charles J. Siragusa) granted plaintiff permission to proceed *in forma pauperis*,

dismissed, pursuant to 28 U.S.C. § § 1915(e)(2)(B)(ii) and 1915A(b), the complaint against

Savage for failure to state a claim upon which relief can be granted, and requested that the

New York State Attorney General's Office attempt, pursuant to *Valentin v. Dinkins*, 121 F.3d

72 (2d. Cir. 1997) (per curiam), to identify the correctional officer who escorted plaintiff to

SHU on the date plaintiff claimed he was assaulted.  (Docket No. 5).

          In compliance with said Order, Darren Longo, an Assistant Attorney General, filed

a declaration detailing the good faith and reasonable efforts he made to learn the identity

of the correctional officer who plaintiff alleged assaulted him while he was being escorted

to SHU. (Docket No. 6). Mr. Longo explained that after reviewing the grievance filed by plaintiff which identified the alleged assailant as "C.O. Kasas or Correchur", speaking with a number of officials at Gowanda and learning that there were no correctional officers with those names or similar names at Gowanda, and traveling to Gowanda to review plaintiff's institutional records, he could not locate any employees with names similar to those set forth by plaintiff in his grievance and could not identify a correctional officer whom plaintiff intended to sue and name as a defendant in this matter. (Docket No. 6).[1]

In response to Mr. Longo's declaration, plaintiff has filed recently a letter indicating that "after recollection and review of the amount of paperwork" he can identify the John Doe defendant as "Terry Luther." (Docket No. 7). He also claims that he wishes to name the "Escort Sergeant, Sabato Parisi" as a defendant in this matter on the basis that Sergeant Parisi failed to stop the assault by Officer Luther. The Court notes that the complaint does not include any specific allegations against Sergeant Parisi which would support a finding of liability against Parisi under the Eighth Amendment to the United States Constitution. See Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S. Ct. 1970, 128 L. Ed.2d 811 (1994); see also Baines v. City of New York, No. 01 Civ.2645 PKC GWG, 2004 WL 213792, at * 6 (February 5, 2004) ("To succeed on [a failure to protect] claim, the prisoner must establish both that a substantial risk to his safety actually existed and that the offending prison officials knew of and consciously disregarded that risk (citations omitted); Rivera v. State of New York, 1999 WL 13240, at *4 (S.D.N.Y. Jan. 12, 1999) ("[t]he standard for prisoner 'failure to protect' claims brought under 42 U.S.C. § 1983 is quite high.") (citation omitted).

---

[1]The Court would like to make note of Mr. Longo's efforts to attempt to identify the John Doe defendant in this matter.

If plaintiff wishes to join Sergeant Parisi as a defendant in this matter he will need to file an amended complaint pursuant to Fed.R.Civ.P. 15(a), in which he sets forth sufficient allegations of fact to support a "failure to protect claim" against Parisi.  Plaintiff is advised that an amended complaint is intended to <u>completely replace</u> the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom.*, *Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014, 98 S. Ct. 730, 54 L. Ed.2d 758 (1978); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).  Therefore, if plaintiff decides to file an amended complaint adding Parisi as a defendant, the amended complaint must include all of the allegations against defendant Terry Luther as set forth in the initial complaint and the "new" allegations against Parisi, so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

Accordingly, the Clerk of the Court is directed to amend the caption to include "Terry Luther, Correctional Officer" as a defendant in the place of "John Doe, GCF/C.O."  The Clerk of the Court is also directed to cause the United States Marshal to serve the summons and complaint on defendant Terry Luther at the Gowanda Correctional Facility, and the defendant is directed, pursuant to 42 U.S.C. § 1997e(g)(2), to answer the complaint.

SO ORDERED.

Dated:      01 / 2-1 , 2008
            Buffalo, New York

WILLIAM M. SKRETNY
United States District Judge