-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

VICTOR CARPIO,

               Plaintiff,

      v.

TERRY LUTHER, et al.,

               Defendants.

_____

**ORDER**
06-CV-0857 (Consent)

On February 9, 2009, the Court entered an Order directing the Clerk of the Court to cause the United States Marshals Service to serve the summons and second amended complaint on defendants R. Comstock, J. Clark, and R. Canklin, and, pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 75 (2d Cir. 1997), requested the New York State Attorney General's Office, who had appeared for defendant Luther in this matter and would in all likelihood appear for all other defendants herein, to ascertain the identity of the Jane Doe Nurse or Nurses at the Livingston Correctional Facility named in the caption of the second amended complaint. (Docket No. 35).  Once the Jane Doe defendant or defendants were identified, the Order further provided that the caption of the second amended complaint would be amended to reflect the name of the defendant or defendants, a summons would be issued and service would be directed.

In response to the Order, the Assistant Attorney General representing defendant Luther in this matter, Delia Cadle, submitted a letter to the Court, dated February 27, 2009, advising the Court that, because she could not identify the Jane Doe Nurses based on the limited information set forth in the second amended complaint, she forwarded a letter to the plaintiff asking if he could provide any additional information regarding the Jane Does

so she could attempt to identify whom the Jane Doe defendant or defendants are.[1] Plaintiff

responded that "I can't I'm sorry because after I came out from the SHU at Lakeview CF

all my legal work had disappeared. Now! [sic] I don't have no legal work right now[.] I can't

provide further information. . . ."[2]

The Court notes that the New York State Attorney General's Office has made a

reasonable attempt to comply with the Court's Order to ascertain the identities of the Jane

Doe Nurses at the Livingston Correctional Facility and has asked plaintiff to provide more

information to assist in identifying the individual or individuals whom plaintiff seeks to sue

herein. While the Court acknowledges its obligation to assist a pro se incarcerated litigant

to obtain discovery in order to identify Jane Doe defendants, *see Valentin*, 121 F.3d at 75,

and to cause the summons and complaint to be served once the defendant is identified so

that service can be effected, *see Wright v. Lewis*, 76 F.3d 57, 59 (2d Cir. 1996); *see also*

*Kavazanjian v. Rice,* No. 03-CV-1923 (FB)(SMG), 2005 WL 1377946, at *2 (E.D.N.Y., June

06, 2005) (holding the "[f]or plaintiffs proceeding *in forma pauperis*..., the U.S. Marshal's

Office - not the plaintiff - is primarily responsible for effecting service."), the plaintiff

nonetheless retains the obligation to provide the necessary information to name or identify

the defendant and to serve him.   *See Gustaff v. MT Ultimate Healthcare*, 06 CV

---

[1]The letter submitted to the Court attached both Ms. Cadle's letter to the plaintiff and plaintiff's response.

[2]Plaintiff's letter also asks that Ms. Cadle intervene in relation to his current incarceration at Bare Hill Correctional Facility and his claims that he has been assaulted and threatened there. The Court cannot order Ms. Cadle to address these allegations nor the request that she intervene. If plaintiff believes that his rights are being violated he has the ability to utilize the Department of Correctional Services grievance system and upon exhaustion of those internal grievance procedures, 42 U.S.C. § 1997e(a), he may file a complaint in the United States District Court in which Bare Hill is located alleging that his constitutional rights have been violated at Bare Hill.

5496(SLT)LB), 2007 WL 2028103, at *2-3 (E.D.N.Y. June 20, 2007), *Report and Recommendation of United States Magistrate Judge Lois Bloom, adopted by* 2007 WL 2028104 (E.D.N.Y. Jul 11, 2007) (citing *Ruddock v. Reno*, 104 Fed. Appx. 204, 206-7 (2d Cir.2004)). This the plaintiff has not done and claims that he cannot do it. Without any further information, neither the court nor the Attorney General's Office is in a position to assist plaintiff and it will therefore be the responsibility of plaintiff to attempt to learn or obtain any information regarding the identities of the Jane Doe Nurse or Nurses at Livingston through discovery--*e.g.*, interrogatories, requests for production of documents-- that he intends to sue herein.

Plaintiff should therefore attempt to obtain discovery from defendants which may assist him in identifying whom the Jane Doe nurses are that he claims failed to provide him adequate medical treatment at Livingston sometime between January and June 2008. (Docket No. 29, Second Amended Complaint, ¶ ¶ 12-13, and 19).[3] For example, plaintiff may request such items as a log of the nurses on staff at Lvingston between those dates

---

[3]The second amended complaint alleges with respect to the Jane Doe Nurse or Nurses only that "from the time he arrived at Livingston Correctional Facility on January 28, 2008, a series of events concerning Retaliatory Action was imposed on Plaintiff by staff members being the Nurse's denying proper medical treatment concerning injury obtained during assault committed by" defendant Luther at the Gowanda Correctional Facility, and that "[he] placed several sick call slips . . . to be seen by a [sic] outside Doctor concerning a lower back injury" but was denied said request because another facility doctor had noted in plaintiff's medical records that there "[did] not seem to be anything wrong with plaintiff['s] back," but plaintiff was nonetheless issued a cane. (Docket No. 29, Second Amended Complaint, ¶ ¶ 12-13). The Second Amended Complaint also notes that plaintiff was requesting an order allowing him to add "the Nurse Staff at Livingston Correctional Facility" as defendants in this case. (Docket No. 29, ¶ 19). At this time the Court will not provide plaintiff permission to amend the caption to include all the Nurses at Livingston between January and June 2008 because there are simply no allegations that all of the Nurses had some personal involvement in his medical treatment and alleged constitutional violations.

and a copy of his medical records from Livingston during that time period which may show what nurses treated him and on what dates.[4]

Accordingly, plaintiff directed to identify defendants Jane Doe through discovery as soon as possible, and then apply to this Court for an order directing amendment of the caption and service on the defendants as soon as they have been identified.[5]

SO ORDERED.

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:   March 9th, 2009
Buffalo, New York

_____

[4]The Clerk of the Court is directed to forward to plaintiff with this order a copy of the Court's Pro Se Litigation Guidelines, and plaintiff is urged to review, specifically, pages 16-21, which address discovery.

[5]Plaintiff is advised the statute of limitations for actions filed under 42 U.S.C. § 1983 is three years, *Owens v. Okure*, 488 U.S. 235, 251 (1989), and thus he will need to identify the Jane Doe defendants and move to amend the caption to add them to this action within the statute of limitations.  "Rule 15(c) [of the Federal Rules of Civil Procedure] does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities. Rule 15(c) explicitly allows the relation back of an amendment due to a 'mistake' concerning the identity of the parties (under certain circumstances), but the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake."  *Barrow v. Westerfield Police Dept.*, 66 F.3d 466, 470 (2d Cir. 1995), *opinion amended*, 74 F.3d 1366 (2d Cir. 1996); *see also Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999) ("[E]ven when a suit is brought by a pro se litigant, an amended complaint adding new defendants cannot relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities.") (citing *Barrow*, 66 F.3d at 470 (internal quotation marks omitted).