UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| VICTOR CARPIO, | **DECISION** |
| Plaintiff, | **and** |
| v. | **ORDER** |
| TERRY LUTHER, | **06-CV-857F** |
| R. COMSTOCK, | |
| J. CLARK, | |
| R. CANKLIN, | |
| R.N. NURSE J. FAHEY, | |
| R.N. K. RYNDERS, | |
| Defendants. | |

_____

APPEARANCES:   VICTOR CARPIO, *Pro Se*
                601 W. 141 Street
                Apartment 66
                New York, New York   10031

                ERIC T. SCHNEIDERMAN
                NEW YORK STATE ATTORNEY GENERAL
                Attorney for the Defendants
                STEPHANIE JOY CALHOUN
                Assistant New York State Attorney General, of Counsel
                Main Place Tower, Suite 300A
                350 Main Street
                Buffalo, New York   14202

**JURISDICTION**

On March 18, 2008, the parties consented to proceed before the undersigned. The matter is presently before the court on Plaintiff's motions to vacate the judgment dismissing Plaintiff's action (Doc. No. 70) and restore the case to the court's docket (Doc. No. 68) ("Plaintiff's motions").

## DISCUSSION

In this prisoner civil rights action, Plaintiff moves to vacate the judgment (Doc. No. 70) entered on July 7, 2012 dismissing the action (Doc. No. 67) and, to restore the action to the calendar (Doc. No. 68).  Based on a review of the docket entries in this case, following commencement of this action on December 26, 2006, Plaintiff, then in custody of the New York State Department of Correctional Services ("DOCS") was transferred to DOCS's Bellevue Men's Shelter on March 29, 2010, and Plaintiff's address was changed on the docket to Bellevue from Mt. McGregor Correctional Facility at that time.  However, as of April 15, 2010, Defendants' attempts to serve discovery requests on Plaintiff at Bellevue were returned as undeliverable by the U.S. Postal Service, as was a copy of the court's two scheduling orders for Plaintiff's prior motions to compel (Doc. Nos. 60 and 63) which had been remailed to Plaintiff at Bellevue by the Clerk of Court.  By order dated May 17, 2010 (Doc. No. 66), the court directed Plaintiff to provide a current mailing address, as required by Local Rule of Civil Procedure 5.2(d), by June 16, 2010, subject to dismissal of Plaintiff's action should Plaintiff fail to do so.  On June 7, 2010, this order was also returned to the court marked undeliverable and unable to forward.  Accordingly, on July 7, 2010, the court ordered the action be dismissed for Plaintiff's failure to provide a correct mailing address to facilitate orderly prosecution of the action as required.  Approximately one year later, on June 10, 2011, the court received information indicating Plaintiff was then at the Cape Vincent Correctional Facility and noted such information in the docket.  According to Plaintiff's motions to vacate and restore, at the time of the court's July 7, 2010 dismissal, Plaintiff was housed in the New York City Jail at Rikers Island. Plaintiff's

motions at 1.  However, such information had not been provided by Plaintiff to the court at that time.  Defendants' oppose Plaintiff's motions by a Memorandum of Law filed October 11, 2011 (Doc. No. 72).

The court's Local Rules of Civil Procedure require *pro se* litigants to keep the court informed of the party's current mailing address.  Local Rule Civil Proc. 5.2(d) (W.D.N.Y).  Failure to do so authorizes the court to dismiss an action with prejudice.  *Id.*

Whether, pursuant to Fed.R.Civ.P. 60(b) ("Rule 60(b)"), a party should be relieved of the adverse effect of a judgment depends on evaluation of several factors including "'[1] the danger of prejudice to the [non-movant], [2] the length of delay and its potential effect on judicial proceedings, [3] the reason for the delay including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'" *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) (quoting *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993)).  In deciding whether to reopen a judgment under Rule 60(b) for excusable neglect courts focus on the third factor, *i.e.*, the reason for the delay and whether the reason was within the control of the movant.  *Silivanch*, 333 F.3d at 366.

Here, the first factor, the danger of prejudice, weighs in Defendants' favor as the delay of over one-year adversely affects clarity of recollection.  The second factor measuring the impact on judicial proceedings is somewhat neutral.  While this court's calendar is already congested, adding Plaintiff's case will not appreciably add to its burden.  The fourth factor probably favors Plaintiff as there is no apparent reason to find Plaintiff acted in bad faith in failing to keep the court informed of his correct address.

However, the third factor disfavors Plaintiff as Plaintiff fails to explain why he could not be expected to reasonably know that his incarceration at Rikers Island could interfere with the Defendants' and the court's ability to communicate with him absent notice of Plaintiff's location at that time. Surely, Plaintiff was aware that he had filed two motions to compel then pending shortly before his transfer and incarceration at Rikers. Nevertheless, despite a nearly four-month lapse during which both Defendants and the court attempted to serve Plaintiff repeatedly with discovery responses and orders, Plaintiff made no effort to communicate with the court regarding the status of Plaintiff's motions in a way calculated to appraise Defendants and the court of his then correct mailing address. Plaintiff's indifference to his obligation to prosecute the case diligently and to keep the court and Defendants informed of his correct address is underscored by the ensuing 17-month lapse of time prior to Plaintiff's recent communication. *Hidalgo v. Gilbert*, 2012 WL 473462, *1 (W.D.N.Y. Feb. 13, 2012) (*pro se* prisoner case dismissed pursuant to Local Rule 41.2 and 5.2(d) for failure to prosecute for over one year and following four month period after plaintiff's release from custody without providing court with new address). Although Plaintiff apparently did not receive the court's order of May 17, 2010 warning of potential dismissal, such effort was then futile based on Plaintiff's unexcused unknown location. In any event, Rule 5.2(d) specifies such possible result and Plaintiff was required to be aware of the Local Rules. Additionally, Plaintiff's motions notably provide nothing from which the court could find Plaintiff's failure to do so was attributable to any factor outside Plaintiff's reasonable control. In such circumstances, the equities do not support Plaintiff's present request to vacate the dismissal and restore the case to the calendar. See *Silivanch*, 333 F.3d at

4

366 ("'the equities will rarely favor a party who 'fail[s] to following the clear dictates of a court rule.'") (quoting *Canfield v. Van Atta Buick/GM Truck, Inc.*, 127 F.3d 248, 250-51 (2d Cir. 1997) (*per curiam*)).

The court would rather grant Plaintiff's request; it is always preferable that lawsuits be resolved on the merits rather than on procedural grounds. However, Plaintiff does not deny he was aware of the court's rules and his obligation to keep the court informed of his address in these circumstances. Thus, Plaintiff was on notice of the risk of dismissal upon failure to do so. In these circumstances, Plaintiff's 17-month delay in doing so cannot, without excuse, be ignored. It is well-established that *pro se* litigants are obliged to follow the applicable rules of civil procedure. *Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008), ("'*pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them.'") (quoting *Edward v. I.N.S.*, 59 F.3d 5, 8 (2d Cir. 1995) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993))).

## CONCLUSION

Based on the foregoing, Plaintiff's motions (Doc. No. 68 and 70) are DENIED. SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: March 1, 2012
       Buffalo, New York

PLAINTIFF IS ADVISED THAT ANY APPEAL OF THIS DECISION AND ORDER MUST BE TAKEN BY FILING WRITTEN A NOTICE OF APPEAL

5

TO THE SECOND CIRCUIT COURT OF APPEALS WITH THE CLERK OF COURT **NOT LATER THAN 30 DAYS** AFTER SERVICE OF THIS DECISION AND ORDER IN ACCORDANCE WITH FED.R.APP.P. 4(A)(1)(A).